# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

Narinder Kaur

## DEFENDANTS

Robin Barrett; Emilio T. Gonzalez; Michael Chertoff; Robert S. Mueller; Peter D. Keisler

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert B. Jobe, Law Office of Robert B. Jobe
550 Kearny St., Ste. 200, SF CA 94108, 415-956-5513

ATTORNEYS (IF KNOWN)

US Attorney's Office, 450 Golden Gate Ave., 11th Fl., SF CA 94102

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liabiltiy | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☑ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

8 U.S.C. § 1447(b); Mandamus (28 U.S.C. § 1361); Administrative Procedure Act; civil action (28 U.S.C. §§ 1331, 2201 and 2202)

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
11/08/07

SIGNATURE OF ATTORNEY OF RECORD

1 | Robert B. Jobe (Cal. State Bar #133089)
2 | LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
3 | San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
4 |
5 | Attorney for Plaintiff/Petitioner,
Narinder Kaur

*ORIGINAL FILED*

07 NOV -8 PM 3: 29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

6
7 | UNITED STATES DISTRICT COURT
8 | NORTHERN DISTRICT OF CALIFORNIA

*MEJ*

9
10 | NARINDER KAUR,                                No. *CV 07*   Alien No.   75-246-808   *5693*
11 |            Plaintiff/Petitioner,
12 |            v.                                 PETITION FOR *DE NOVO*
                                                  REVIEW OF PETITIONER'S
13 | ROBIN L. BARRETT, FIELD OFFICE               APPLICATION FOR
     DIRECTOR, USCIS SAN FRANCISCO                NATURALIZATION PURSUANT
14 | DISTRICT OFFICE; EMILIO T. GONZALEZ,         TO 8 U.S.C. § 1447(b) AND TO
     DIRECTOR, U.S. CITIZENSHIP AND               COMPEL AGENCY ACTION
15 | IMMIGRATION SERVICES; MICHAEL                UNDER 28 U.S.C. § 1361 AND
     CHERTOFF, SECRETARY, U.S. DEPARTMENT         5 U.S.C. § 706(1)
16 | OF HOMELAND SECURITY; PETER KEISLER,
     ACTING U.S. ATTORNEY GENERAL;
17 | ROBERT S. MUELLER, III, DIRECTOR,
     FEDERAL BUREAU OF INVESTIGATION,
18 |
19 |            Defendants/Respondents.
20
21 |     1.     Pursuant to 8 U.S.C. § 1447(b), Plaintiff/Petitioner, Narinder Kaur ("Ms. Kaur"),
22 | hereby petitions this Court to conduct a *de novo* review of her application for naturalization and
23 | grant her application or, if necessary, order that a hearing be held in the matter. In the alternative,
24 | Ms. Kaur requests the Court to order Defendants/Respondents to promptly adjudicate her
25 | application for naturalization. In support of this complaint, Ms. Kaur alleges as follows:
26
27 | PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
     APPLICATION FOR NATURALIZATION PURSUANT
28 | TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
     ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)

## JURISDICTION

2.    Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment; 5 U.S.C. § 706(1), as a challenge to agency inaction under the Administrative Procedure Act; and 8 U.S.C. § 1447(b), as an application for a hearing on a naturalization application in a case where there has been a "failure to make a determination" on that application within 120 days of "the date on which the examination [was] conducted." *See also U.S. v. Hovsepian*, 359 F.3d 1144, 1159-63 (9th Cir. 2004) (en banc) (holding that under 8 U.S.C. § 1447(b), the District Court has "exclusive jurisdiction over . . . naturalization applications" where such applications have been pending for over 120 days after the applicant's examination).

## VENUE

3.    Under 8 U.S.C. § 1447(b) and 28 U.S.C. § 1391(e)(3), the appropriate venue for this action is the district in which Ms. Kaur resides, i.e. the Northern District of California. *See* 8 U.S.C. § 1447(b) ("If there is a failure to make a determination [on a naturalization application] before the end of the 120-day period after the date on which [the naturalization] examination [was] conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter . . ."); 28 U.S.C. § 1391(e)(3)("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.").

## INTRA-DISTRICT ASSIGNMENT

4.    Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco

PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
APPLICATION FOR NATURALIZATION PURSUANT
TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)          -2-

1    division.

2    **<u>PARTIES</u>**

3        5.     Plaintiff/Petitioner, Ms. Kaur, is a 34-year old native of India, who has been a lawful

4 permanent resident of the United States since approximately February 6, 2001.  On

5 approximately November 8, 2005, she applied for naturalization and was interviewed and

6 examined by the Department of Homeland Security's U.S. Citizenship and Immigration Services

7 ("USCIS") with regards to that application on February 22, 2006.  At that time, the USCIS

8 determined that Ms. Kaur had met all of the requirements for naturalization, but informed her

9 that a final decision could not be made on her case until security checks were completed.  Nearly

10 two years later, Ms. Kaur is still awaiting adjudication of her naturalization application.

11        6.     Defendant/Respondent, Robin L. Barrett, is the Field Office Director of USCIS's San

12 Francisco District Office and is sued in her official capacity.  She is responsible for determining

13 applications for naturalization adjudicated by the San Francisco District Office and its sub-

14 offices pursuant to 8 U.S.C. §§ 1421, 1427, and 8 C.F.R. §§ 310.1, 316.3.

15        7.     Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated

16 the authority to direct the administration of the USCIS, and to enforce the Immigration and

17 Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-

18 citizens.  Defendant/Respondent Gonzalez is sued herein in his official capacity.

19        8.     Defendant/Respondent, Michael Chertoff, is sued in his official capacity as the

20 Secretary of the United States Department of Homeland Security ("DHS").  In that capacity, he

21 has responsibility for the administration and enforcement of the immigration laws pursuant to 8

22 U.S.C. § 1103, as amended.

23        9.     Defendant/Respondent, Peter Keisler, is sued in his official capacity as the

24 Acting Attorney General of the United States.  He retains certain responsibilities for

25 administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

26 Defendant/Respondent Keisler is sued in his official capacity to the extent he is charged with the

27 PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
APPLICATION FOR NATURALIZATION PURSUANT

28 TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)     -3-

1   administration of the Department of Justice, including the Federal Bureau of Investigation

2   ("FBI"), and has responsibility for providing access to criminal history record information

3   pursuant to 8 U.S.C. §§ 1105(b), 1103(g).

4       10.    Defendant/Respondent, Robert S. Mueller, III, is the Director of the FBI and is sued

5   in his official capacity.  Defendant/Respondent Mueller is charged with the administration of the

6   FBI, and with providing criminal background information, if any, relating to naturalization

7   applicants, pursuant to 8 C.F.R. § 335.2(b).

8                                    **FACTS**

9       11.    Ms. Kaur is a 34-year old native of India, who currently resides at 4908 Colusa

10  Street, Union City, CA 94587.  On or about February 6, 2001, Ms. Kaur was granted lawful

11  permanent residence in the U.S. based on her asylee status.

12      12.    Ms. Kaur filed an application for naturalization with the DHS on approximately

13  November 8, 2005, pursuant to 8 U.S.C. § 1445.[1]  At the time Ms. Kaur filed for naturalization,

14  she was statutorily eligible to naturalize since she had been a lawful permanent resident for 5

15  years; she had been physically present in the United States for at least half of that time (over 30

16  of 60 months); and she had been a person of good moral character.  8 U.S.C. § 1427(a)(3); 8

17  C.F.R. § 316.10.  Ms. Kaur was fingerprinted in connection with that application on December 9,

18  2005.

19      13.    On February 22, 2006, the San Francisco District Office of the USCIS interviewed

20  Ms. Kaur and determined that her application could not be approved until the FBI security checks

21  were completed in her case.

22      14.    Now, nearly two years after her naturalization examination, Ms. Kaur is still awaiting

23  a decision on her application.

24

25  _____

26  [1] Under 8 U.S.C. § 1445(a), Ms. Kaur was authorized to file her application up to three
    months before the date she would have otherwise met the continuous residence requirement.

27  PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
    APPLICATION FOR NATURALIZATION PURSUANT
28  TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
    ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)        -4-

15.    Before adjudicating an application for naturalization, USCIS conducts "numerous" criminal and national security background checks, including (a) a fingerprint check by the FBI; (b) a **name check** by the FBI; and (c) a check against the records of the Department's Interagency Border Inspection System. *See Liu v. Chertoff*, No. 06-3297, 2007 WL 1202961, at * 1-2 (C.D. Ill. April 23, 2007). Ninety-nine percent of the FBI name checks are completed in six months. *See USCIS Interoffice Memorandum from Michael Aytes, Acting Associate Director, Domestic Operation*, April 25, 2006, *reprinted* No. 21 *Interpreter Releases* 988 (May 22, 2006). In Mr. Bowden's case, however, the name check process has taken more than three years and has still not been completed.

16.    The FBI's willful delay in completing Ms. Kaur's background checks and USCIS's willful delay in adjudicating Ms. Kaur's application for naturalization clearly contravenes the FBI's and USCIS's duty to act upon matters presented to them within a reasonable period of time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Tang v. Chertoff*, 493 F.Supp. 2d 148, 156 (D. Mass June 26, 2007) (finding a 4 year delay unreasonable), *citing Paunescu v. INS*, 76 F.Supp. 2d 896, 902 (N.D.Ill. 1999) (2 year delay unreasonable); *Yu v. Brown*, 36 F.Supp. 2d 922, 935 (D.N.M. 1999) (2.5 year delay unreasonable); *Agbemaple v. INS*, 1998 WL 292441 *7 (N.D.Ill. 1998) (20 month delay unreasonable); *Hu v. Reno*, 2000 U.S. Dist. Lexis 5030, at *14 (N.D.Tex. Apr. 19, 2000) (2.5 year delay unreasonable); *Salehian v. Novak*, 2006 U.S. Dist. LEXIS 77028 at *4 (D.Conn.Oct. 23, 2006) (2 year delay unreasonable).

## FIRST CAUSE OF ACTION
### (FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF EXAMINATION)

17.    The allegations contained in paragraphs 1 through 16 are repeated and incorporated herein.

18.    The DHS failed to adjudicate Ms. Kaur's application for naturalization within 120

PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
APPLICATION FOR NATURALIZATION PURSUANT
TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §  706(1)          -5-

1    days of her interview. As the Ninth Circuit articulated in *Hovsepian*, 359 F.3d at 1161:

2        8 U.S.C. § 1447(b) requires [DHS] to make a decision regarding a naturalization
         application within 120 days of [DHS's] initial interview of the application. Further
3        § 1447(b) specifies a consequence for failure to meet this deadline, namely, that the
         district court gains jurisdiction over the matter (upon the applicant's request) until
4        the district court decides the case or exercises its discretion to remand the matter to
         [DHS].
5
         Because Ms. Kaur has demonstrated her statutory eligibility for naturalization pursuant to 8
6
     U.S.C. §§ 1427 and 1430, this Court should grant her application for naturalization.
7
                               **SECOND CAUSE OF ACTION**
8                                    **(MANDAMUS)**

9        19.    The allegations contained in paragraphs 1 through 18 are repeated and incorporated

10   herein.

11       20.    Ms. Kaur's naturalization application is delayed due to Defendant/Respondent

12   Mueller's failure to timely perform criminal background checks and/or the other

13   Defendants/Respondents' failure to act on this application. Defendants/Respondents have the

14   nondiscretionary duty to adjudicate the naturalization application filed by Ms. Kaur. By failing

15   to do so, Defendants/Respondents are, quite simply, failing to comply with their statutory and

16   regulatory duties. Ms. Kaur is entitled, therefore, to relief in the nature of mandamus pursuant to

17   28 U.S.C. § 1361 to compel Defendant/Respondent Mueller to complete all necessary

18   background checks and provide the results of those background checks to the remaining

19   Defendants/Respondents to promptly adjudicate their application for naturalization.

20       21.    Pursuant to 28 U.S.C. § 1361, this Court has jurisdiction to compel

21   Defendant/Respondent Mueller to complete all necessary background checks and provide the

22   results of those background checks to this Court, so that this Court can conduct a *de novo* review

23   of Ms. Kaur's application expediently.

24       22.    Accordingly, this Court should compel Defendant/Respondent Mueller to complete

25   and release the results of Ms. Kaur's criminal background checks to this Court, so that her

26   application for naturalization may be immediately adjudicated. In the alternative, if the

27   PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
     APPLICATION FOR NATURALIZATION PURSUANT
     TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
28   ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)        -6-

1  background checks have been completed, the Court should compel the remaining

2  Defendants/Respondents to adjudicate Ms. Kaur's application for naturalization.

### THIRD CAUSE OF ACTION
### (ADMINISTRATIVE PROCEDURE ACT)

5       23.    The allegations contained in paragraphs 1 through 22 are repeated and incorporated

6  herein.

7       24.    The APA *requires* administrative agencies to act upon matters presented to them

8  "within a reasonable time," 5 U.S.C. § 555(b), and provides that federal courts "**shall . . . compel**

9  agency action unlawfully withheld or unreasonably delayed . . ."[2] 5 U.S.C. § 706(1) (emphasis

10  added).  By using the word "shall," Congress imposed a mandatory duty on this Court to compel

11  agency action that has been "unreasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d

12  1261, 1269 (10th Cir. 1998)("Through § 706 Congress has stated unequivocally that courts ***must***

13  compel agency action unlawfully withheld or unreasonably delayed.")(emphasis added).  *See also*

14  *Pierce v. Underwood*, 487 U.S. 552, 569-570 (1988)(Congress' use of "shall" constitutes

15  mandatory language); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 n.15

16  (1981)(same).

---

18     [2] "Courts have given little attention to the distinction between agency action 'unlawfully withheld' and agency action "reasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261,

19  1270 (10th Cir. 1998).  "In the absence of any clear statutory guidance," however, the Tenth Circuit decided to "simply apply the most straight forward common sense reading of these two

20  phrases," saying:

21         [I]f an agency has no concrete deadline establishing a date by which it must act, and

22         instead is governed only by general timing provisions – such as the APA's general admonition that agencies conclude matters presented to them "within a reasonable time,"

23         *see* 5 U.S.C. § 555(b) – a court must compel only action that is delayed unreasonably. Conversely, when an entity governed by the APA fails to comply with a statutorily

24         imposed absolute deadline, it has unlawfully withheld agency action and courts, upon

25         proper application, must compel the agency to act.

26  *Id.* at 1271-72.

1    25.    Plaintiff/Petitioner is a person aggrieved by agency action under the Administrative

2    Procedure Act, 5 U.S.C. §§ 701 *et seq.*  By failing to complete and provide the results of the

3    criminal background checks to DHS, Defendant/Respondent Mueller has "unlawfully withheld or

4    unreasonably delayed" agency action in violation of 5 U.S.C. § 706(1).  In the alternative, if the

5    background checks have been completed, the remaining Defendants/Respondents have

6    unlawfully delayed final adjudication of Ms. Kaur's application for naturalization.

7    26.    Accordingly, this Court should compel Defendant/Respondent Mueller to complete

8    and release the results of Ms. Kaur's criminal background checks to the remaining

9    Defendants/Respondents so that her application for naturalization may be immediately

10    adjudicated.  On the other hand, if Defendant/Respondent Mueller has completed the background

11    checks, the Court should compel the other Defendants/Respondents to immediately adjudicate

12    Ms. Kaur's application for naturalization.  By failing to do so, Defendants/Respondents have

13    acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed"

14    agency action in violation of 5 U.S.C. § 706.

15

16

17

18

19

20

21

22

23

24

25

26

27    PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
      APPLICATION FOR NATURALIZATION PURSUANT
      TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
28    ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)          -8-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Petitioner prays that this Court grant the following relief:

(1)    Assume jurisdiction over the matter;

(2)    Compel the completion and immediate release of Plaintiff/Petitioner's criminal background check results;

(3)    Conduct a *de novo* review of Plaintiff/Petitioner's application for naturalization and grant her naturalization or compel the Defendants/Respondents to immediately adjudicate Ms. Kaur's application;

(4)    If necessary, order that a hearing take place in the matter; and

(5)    Grant such further relief as the Court deems just and proper.


Dated: November 8, 2007                    Respectfully submitted,

                                           LAW OFFICE OF ROBERT B. JOBE


                                           Robert B. Jobe
                                           LAW OFFICE OF ROBERT JOBE
                                           550 Kearny, Suite 200
                                           San Francisco, CA 94108
                                           (415) 956-5513
                                           (415) 840-0308 (fax)
                                           bob@jobelaw.com

                                           Counsel for Plaintiff/Petitioner

PETITION FOR *DE NOVO* REVIEW OF PETITIONER'S
APPLICATION FOR NATURALIZATION PURSUANT
TO 8 U.S.C. § 1447(b) AND TO COMPEL AGENCY
ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. § 706(1)          -9-